IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **HELEN D. COOK**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:06-CV-1881-L** |
| | § | |
| **MICHAEL J. ASTRUE,** | § | |
| **COMMISSIONER OF THE SOCIAL** | § | |
| **SECURITY ADMINISTRATION**, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

This is a social security case. Plaintiff Helen D. Cook ("Plaintiff" or "Cook") filed this action seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner"), who denied her application for disability benefits under Title II of the Social Security Act and supplemental security income disability benefits under Title XVI of the Social Security Act. Pursuant to 28 U.S.C. § 636(b), and an order of the court in implementation thereof, the case was referred to United States Magistrate Judge Wm. F. Sanderson, Jr., for review and submission of proposed findings of fact and recommendation for disposition. On December 11, 2007, the magistrate judge filed his Findings, Conclusions, and Recommendations (the "Report"), in which he recommended that the court affirm the Commissioner's decision and dismiss Plaintiff's Complaint. Plaintiff filed timely objections to the Report.

After an independent review of the pleadings, file, record, applicable law, the magistrate judge's findings and conclusions, and consideration of Plaintiff's objections, the court determines that, as set forth fully below, the magistrate judge's finding that remand is not warranted is incorrect

**Memorandum Opinion and Order- Page 1**

and is hereby **rejected**. Accordingly, the court **remands** this case to the Commissioner for further proceedings consistent with this order.

I.      **Factual and Procedural Background**

Plaintiff seeks judicial review of a final decision by the Commissioner denying her claim for disability benefits under Title II of the Social Security Act and supplemental security income disability benefits under Title XVI of the Social Security Act. On December 13, 2003, Cook filed an application for Social Security disability benefits, alleging disability due to complications from a left hip fracture. On April 11, 2005, the Administrate Law Judge ("ALJ") held a hearing on Cook's application, and Cook personally appeared and testified. The ALJ issued an unfavorable decision on June 25, 2005. Cook filed a request for review of this decision, and the Appeals Council denied her request on July 7, 2006. The ALJ's decision, therefore, became the final decision of the Commissioner. Plaintiff filed this action on October 13, 2006, pursuant to 42 U.S.C. § 405(g), contending that the Commissioner's determination that she was not entitled to disability benefits was not supported by substantial evidence on the entire record.

II.     **Analysis**

     A.      **Legal Standard**

Judicial review in a social security case is limited to a determination of whether the ALJ's decision to deny benefits is: (1) supported by substantial evidence and (2) whether the proper legal standard was applied. *Austin v. Shalala*, 994 F.2d 1170, 1147 (5th Cir. 1993). Substantial evidence is defined as relevant evidence that a reasonable mind would accept as sufficient to support a conclusion. *Greenspan v. Shalala,* 38 F.3d 232, 236 (5th Cir. 1994), *cert. denied*, 514 U.S. 1120 (1995) (citing *Richardson v. Perales,* 402 U.S. 389, 401 (1977)). It is more then a scintilla, but less

than a preponderance. *Perales*, 402 U.S. at 401; *Haywood v. Sullivan,* 888 F.2d 1463, 1466 (5th Cir. 1989). The district court may not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The court must scrutinize the record, however, to ascertain whether substantial evidence supports the Commissioner's findings. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). A finding of no substantial evidence is appropriate only when there is no medical evidence or credible evidentiary choices in the record to support the Commissioner's decision. *Johnson*, 864 F.2d at 343-44; *Gutierrez v. Barnhart*, 2005 WL 1994289 at *7 (5th Cir. Aug. 19, 2005). If the findings are supported by substantial evidence, "they are conclusive and must be affirmed." 42 U.S.C. § 405(g).

A disabled worker is entitled to monthly benefits under the Social Security Act if certain conditions are met. 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of twelve months. *Id.* § 423(d)(1)(A); *Cook v. Heckler,* 750 F.2d 391, 393 (5th Cir. 1985).

The Commissioner has promulgated a five-step sequential process to be used by hearing officers in disability cases. *See* 20 C.F.R. § 404.1520(b)-(f); *Wren v. Sullivan,* 925 F.2d 123, 125 (5th Cir. 1991). The hearing officer is required to ascertain: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant has an impairment that "meets or equals a listed impairment in Appendix 1" of the regulations; (4) if the claimant has a "severe impairment" under the regulations, whether the claimant can perform his past work despite any limitations; and (5) if the claimant does not have the residual functional capacity to perform past work, whether the claimant can perform any other

**Memorandum Opinion and Order- Page 3**

gainful and substantial work in the economy, considering his age, education, work experience, and residual functional capacity. 20 C.F.R. § 404.1520. In the first four steps of the evaluation process, the claimant bears the burden of proving disability. *Bowen v. Yuckert,* 482 U.S. 137, 146 (1987). The burden then shifts to the Commissioner at the fifth step to show that the claimant is capable of performing work in the national economy. *Id.* If the Commissioner meets this burden, the claimant must then prove that he cannot in fact perform the work suggested. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

     **B.**    **The ALJ's Decision**

Pursuant to the five-step sequence required by 20 CFR § 303.1520, the ALJ found first that Cook has not engaged in substantial gainful activity since her alleged onset date, November 16, 2003. Tr. 18. The ALJ next concluded that Cook had a severe impairment pursuant to the second step. *Id*. Under the third step, the ALJ determined that Cook's impairment does not meet or equal a listed impairment in Appendix 1 of the regulations. *Id*. At the fourth step, whether Cook has the residual functional capacity to perform her past relevant work, the ALJ concluded that she did not. *Id*. at 22. On the final step of the sequence, whether Cook has the residual functional capacity to perform other work, the ALJ concluded that she could. *Id*. at 23. Accordingly, the ALJ concluded that Cook was not disabled and therefore not entitled to disability insurance benefits. *Id*. at 25. At the hearing, Cook, medical expert Sterling Moore, M.D., and vocational expert Russell Bowden testified. *Id*. at 12.

### C. The Magistrate Judge's Report

Cook made two arguments disputing the ALJ's conclusions before the magistrate judge: (1) the ALJ failed to apply the correct legal standard to weigh the medical opinion of her treating physician; and (2) the ALJ's step five finding was unsupported by substantial vocational evidence. The magistrate judge rejected both of these arguments and recommended affirming the Commissioner's decision and dismissing Cook's case. Because Cook's objections to the magistrate judge's report focus on the second argument, the court only considers the arguments relating to that contention.

On the second issue, the magistrate judge found that the ALJ's step five finding was supported by substantial evidence. The magistrate judge found that there was no prejudice to Cook with respect to the ALJ's hypothetical to the vocational expert regarding her standing/walking restrictions. The magistrate judge did determine that the ALJ erred with respect to his finding that Cook could perform clerical positions because she uses a cane with her dominant hand. Next, the magistrate judge determined that the ALJ's ultimate legal conclusion that Cook could perform certain unskilled, sedentary jobs was supported by sufficient evidence. The magistrate judge did recognize a discrepancy between the position identified by the vocational expert and the position identified by the ALJ in his decision. He stated that the position identified by the vocational expert, which does not correspond to any DOT listing, "corresponds" to the position identified by the ALJ in his decision.

### D. Plaintiff's Objection

Cook has objected to the Report on the second issue, whether the ALJ's step five finding was supported by substantial evidence. The Commissioner did not respond to Plaintiff's objections.

**Memorandum Opinion and Order- Page 5**

Cook contends that the ALJ erred in his step five finding that she could perform jobs existing in the economy in significant numbers. She points out that the magistrate judge found that the ALJ's determination that she could perform the jobs of Telephone Clerk and Addressing Clerk was not supported by substantial evidence and that he found that the occupation of "Lens Inspector," DOT #716.687-020 does not exist. She contends that the ALJ erred by attempting to correct the vocational expert's testimony by substituting a job within Cook's residual functional capacity for the one testified to by the expert. Finally, she argues that the number of jobs of Film Inspector is unknown, and therefore the step five finding is without substantial evidence.

The ALJ ruled that Cook had the residual functional capacity to sit for six hours out of an eight-hour day "with a sit/stand option;" to stand or walk two hours out of an eight-hour day using a cane; to lift items such as ledgers frequently and to lift and carry up to ten pounds occasionally. In questioning the vocational expert, the ALJ asked a hypothetical that included standing and walking two to four hours out of an eight-hour day. The vocational expert testified that such an individual could perform an inspection and quality control occupation, and named "Lens Inspector, or a Film Inspector," Telephone Clerk, and Addressing Clerk as the jobs she could perform. He testified that the job of Lens Inspector is DOT #716.687-020. The ALJ held that Cook could perform the jobs of Lens Inspector, DOT #716.687-030, Film Inspector, DOT #726.684-050, Telephone Clerk, DOT #209.667-014, or Addressing Clerk, DOT #209.587-010. He explicitly held that "there is no conflict between the vocational expert testimony and the information provided in the DOT." Tr. 23 (citing SS 00-4p). The magistrate judge noted the discrepancy between the vocational expert's testimony and the DOT, which does not include any job as number 716.687-020.

**Memorandum Opinion and Order- Page 6**

Cook argues that the ALJ had a specific duty, pursuant to SSR 00-4p, to ask the vocational expert if his testimony conflicted with the information provided in the DOT. That ruling specifically states:

> When a VE or VS provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that VE or VS evidence and information provided in the DOT. In these situations, the adjudicator will:
> > Ask the VE or VS if the evidence he or she has provided conflicts with information provided in the DOT; and
> > If the VE or VS's evidence appears to conflict with the DOT, the adjudicator will obtain a reasonable explanation for the apparent conflict.

SSR 00-4p, 200 WL 1898704, *4 (Dec. 4, 2000). If a conflict needs to be resolved, "[t]he adjudicator will explain in the determination or decision how he or she resolved the conflict." *Id*. In this case, there is a conflict between the vocational expert's testimony about the Lens Inspector position and the information in the DOT. Although the ALJ summarily states that there is no conflict, the court finds that there is a conflict between the testimony and the information in the DOT.

Cook also contends that the ALJ erred by "correcting" the vocational expert's testimony in his decision. The "Lens Inspector" job referred to in the ALJ's decision actually corresponds to a job called "Lens-Block Gauger" in the DOT, and Cook contends that there is no evidence that she can perform the job of Lens-Block Gauger. She also points out that there is a job in the DOT called "Lens Inspector," number 716.687-022. She argues that the ALJ had no rational basis to choose the job of Lens-Block Gauger rather than Lens Inspector in his findings and decision. The court agrees. The burden is on the Commissioner to produce "expert vocational testimony or other similar

evidence to establish that jobs exist in the national economy that the applicant can perform." *Fields v. Bowen*, 805 F.2d 1168, 1170 (5th Cir. 1986) (internal quotation and citation omitted). Here, three of the four jobs included in the vocational expert's testimony have been found to not support the ALJ's step five finding. The court can only rely upon the testimony that Cook could perform the job of Film Inspector. The testimony, however, does not state how many Film Inspector jobs are available, and therefore the court cannot determine if there are a "significant" number of jobs that Cook can perform. 20 C.F.R. § 416.966(b) ("Work exists in the national economy when there is a significant number of jobs (in one or more occupations) having requirements which you are able to meet with your physical or mental abilities and vocational qualifications."). Accordingly, the court **sustains** Cook's objection and determines that the ALJ's step five finding that she could perform other work in the economy given her residual functional capacity is without substantial evidence.

## III. Conclusion

For these reasons, the court **sustains** Plaintiff's objection to the magistrate judge's finding that remand is not warranted in this case. Cook has demonstrated that the ALJ's step five finding is not supported by substantial evidence. Accordingly, the court **rejects** the magistrate judge's conclusion that remand is not warranted, **reverses** the final decision of the Commissioner denying disability benefits, and **remands** this case to the Commissioner for further proceedings consistent with this order.

**It is so ordered** this 16th day of January, 2009.

                                               Sam A. Lindsay
                                               United States District Judge